J-S07010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID R. JR. R. RAMOS | : | |
| | : | |
| Appellant | : | No. 34 EDA 2022 |

Appeal from the PCRA Order Entered November 29, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003149-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID R. JR. R. RAMOS | : | |
| | : | |
| Appellant | : | No. 35 EDA 2022 |

Appeal from the PCRA Order Entered November 29, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003151-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID R. JR R RAMOS | : | |
| | : | |
| Appellant | : | No. 36 EDA 2022 |

Appeal from the PCRA Order Entered November 29, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003153-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S07010-23

.
    v.          :
               :
               :
               :
DAVID R. RAMOS, JR.     :
               :
      Appellant     :    No. 37 EDA 2022

Appeal from the PCRA Order Entered November 29, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003155-2016

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:       **FILED APRIL 19, 2023**

Appellant, David R. Ramos, Jr. appeals from the November 29, 2021 order dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

We derive the following factual and procedural history from the PCRA court opinion and certified record. On November 26, 2015, Appellant and another individual went on an early-morning crime spree, which culminated in the murder of Ryan Kelly. On March 15, 2018, Appellant entered an agreement with the Commonwealth to plead guilty to multiple crimes in exchange for a 22½-to-45-year incarceration sentence. The trial court, however, did not accept the plea.

On March 29, 2018, Appellant and the Commonwealth entered into a new negotiated guilty plea agreement, which included a 30-to-60-year incarceration sentence. After performing an extensive colloquy of Appellant, the trial court accepted the plea and imposed the agreed-upon sentence.

On March 22, 2019, Appellant *pro se* filed a timely PCRA Petition, his first. On November 29, 2021, after permitting counsel to withdraw pursuant to *Turner*/*Finley*[1] and issuing notice pursuant to Pa.R.Crim.P. 907,[2] the court dismissed Appellant's petition without a hearing. The court appointed appellate counsel.[3]

Appellant timely filed a Notice of Appeal and both he and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises the following issues for our review:

> 1. Whether the Appellant's guilty plea entered on [March] 29, 2018[,] was [] not free, intelligent[,] and voluntary because he was originally offered and said that he would accept a plea bargain on March 15, 2018 of [22½] to [45] years in a state correctional institution, but that on March 29, 2018 [Appellant] was forced to enter a plea bargain of [30] to [60] years after his lawyer told the Appellant that he would end [up] spending the rest of his life in prison if he did not accept that new deal.
>
> 2. Whether [Appellant's] sentence was administered in an illegal manner after he was asked by the Court whether he was on drugs and [Appellant] responded that he was not because the Appellant erroneously thought that the [c]ourt was questioning him about the usage of illegal drugs, when in fact the Appellant was taking legally prescribed psychiatric drugs at the time pursuant to a prescription that had been given to him by a prison physician.

_____

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

[2] The court issued its Rule 907 notice on October 12, 2021. Appellant did not file a response to the Notice.

[3] We note that a delay in the appointment of appellate counsel caused Appellant to file his Pa.R.A.P. 1925(b) Statement late. Since a breakdown in the court system caused the dilatory filing, we deem Appellant's Rule 1925(b) Statement to be timely filed.

Appellant's Br. at 3.

**A.**

When reviewing a denial of post-conviction relief, we "must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted).

Additionally, we proceed mindful that it is the PCRA petitioner's duty to plead and prove entitlement to PCRA relief. 42 Pa.C.S. § 9543(a). This Court will not act as counsel and develop a claim on an appellant's behalf. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007)

**B.**

In his first issue, Appellant alleges that the plea counsel was ineffective. The law presumes that counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged

proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003).

"A PCRA petitioner must address each of these prongs on appeal." *Commonwealth v. Reid*, 259 A.3d 395, 405 (Pa. 2021). Where an appellant fails to meaningfully discuss and apply each of the three prongs of the ineffectiveness test, we will deny relief. *Id.*

Appellant alleges that his counsel was ineffective in advising him to enter the 30-to-60-year negotiated plea. Appellant's Br. at 8-16. Unfortunately, Appellant has failed to carry his burden to prove counsel's ineffectiveness. He does not cite to nor address any of the three prongs of the ineffectiveness test. Appellant's failure to develop his claim through the paradigm of ineffective assistance of counsel is fatal to his claim.[4] *Rivera*, 10 A.3d at 1279.

## C.

In his second issue, Appellant alleges that his negotiated guilty plea was the product of unlawful inducement. Appellant's Br. at 16-19. To be eligible

---

[4] We note, moreover, that Appellant's claim is meritless on its face. Appellant argues that counsel's alleged ineffectiveness on March 29, 2018, caused the trial court to refuse to accept the 22½-year plea 2 weeks earlier. This argument is frivolous.

Appellant also makes several allegations that are not cognizable under the PCRA and are outside the scope of his Statement of Questions Presented. We are unable to review those claims. *See* 42 Pa.C.S. § 9543(a)(2) (circumscribing the grounds for PCRA relief); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

for PCRA relief related to an unlawfully induced guilty plea, the petitioner must plead and prove that (1) his guilty plea was the result of unlawful inducement; and (2) he is innocent. 42 Pa.C.S. § 9543(a)(2)(iii).

Appellant claims that he was unlawfully induced into entering his negotiated guilty plea because he misunderstood one of the court's questions during the plea colloquy. When the court asked Appellant if he was "under the influence of drugs or alcohol or prescription medication," Appellant answered: "No." N.T. Hr'g, 3/29/21, at 8. Appellant alleges that "he thought the sentencing court was referring to illegal drugs" and that he was, in fact, taking "psychiatric medication."[5] Appellant's Br. at 17.

Critically, Appellant does not explain how his subjective misunderstanding of the court's colloquy rendered his plea unlawfully induced. He likewise does not profess his innocence, a prerequisite to relief under Section 9543(a)(2)(iii). Because it is Appellant's burden to plead and prove entitlement to PCRA relief, his failure to develop this claim is fatal. We, thus, agree with the PCRA court that this claim is without merit. PCRA Ct. Op., 6/16/22, at 15.

**D.**

Finally, Appellant alleges that plea counsel was ineffective for "failing to file any motion asking for a reconsideration of his sentence and by failing to

---

[5] He does not allege that the psychiatric medication adversely affected his ability to participate in the proceedings. To the contrary, Appellant affirmed during the plea colloquy that he understood the proceedings and pleaded guilty "voluntarily and of [his] own free will." N.T. Hr'g at 9, 21.

file a direct appeal." Appellant's Br. at 19. Appellant did not include these issues in his Statement of Questions Involved and, thus, they are waived. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").[6]

**E.**

In sum, we conclude that Appellant's claims fail and, thus, affirm the PCRA court order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2023

---

[6] Moreover, Appellant's argument is underdeveloped and incomprehensible. In support of his ineffectiveness allegations, Appellant argues, in total, that "there is no indication on the record that undersigned counsel can discern which shows that any such disclosure and review of [Appellant's] presentence and mental health evaluation report occurred." Appellant's Br. at 19. We are unable to discern how counsel's or the court's alleged failure to review Appellant's presentence and mental health evaluation reports caused plea counsel to be ineffective for failing to file for reconsideration of sentence or a direct appeal.